UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS DANIEL ALVARADO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-179 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Jesus Daniel Alvarado's Petition for Writ of Habeas Corpus and Respondent William Stephens' Motion for Summary Judgment. Having carefully considered the Petition, the Motion, petitioner's rebuttal, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's motion should be GRANTED, and Alvarado's Petition for Writ of Habeas Corpus should be DENIED.

I.   Background

Alvarado was convicted of aggravated assault with a deadly weapon for assaulting his girlfriend with a knife. He was sentenced as an habitual offender to life imprisonment.

The trial evidence showed that Alvarado kicked in the door of a house in Montgomery County, Texas. He entered a room where his girlfriend was smoking crack with two other people, "[a]nd he come in with a knife, and he come at my head and I ducked and he left my room." The girlfriend testified that if she had not ducked, the knife "would have probably went in my head." When asked about a prior statement she made, the complainant recalled that she stated that Alvarado came into her room with the knife toward her head. She agreed that "he's the one that came at me with the knife." The complainant insisted, however, that Alvarado did not

threaten to kill her. On cross-examination, she stated that she believed Alvarado was trying to scare the others away.

The complainant's female acquaintance testified that after Alvarado broke down the door he shoved the complainant onto the bed and held the knife up to the complainant's head, between her eye and ear. This witness testified that Alvarado threatened to kill the complainant, that he left when he realized someone had called for the police, and as he left he told the witness that "next time it will be me that he kills."

After the jury returned a guilty verdict, the trial court polled the jury. One of the jurors stated that she was "not happy about" the verdict, but would say yes. Under further questioning, the juror stated, "there was a knife, I agree with that. I just—what was the intent? Everybody was under the influence of drugs and alcohol." The trial court ordered the jury to deliberate further, and the jury returned with a unanimous verdict. *See Alvarado v. State,* 317 S.W.3d 749, 751-52 (Tex.App.–Beaumont 2010).

The 9th Court of Appeals affirmed the conviction and sentence, *Id*. The Texas Court of Criminal Appeals ("TCCA") refused Alvarado's petition for discretionary review. *Alvarado v. State*, PDR 722-10 (Tex. Crim. App. 2010).

Alvarado filed an application for a state writ of habeas corpus. The TCCA denied relief on July 11, 2013. *Ex Parte Alvarado*, No. WR-77,758-01 (Tex.Crim.App. July 11, 2012); SH at cover.[1] He filed this federal petition on January 16, 2013.

---

[1] "SH" refers to the transcript of Alvarado's state habeas corpus proceeding.

II.     The Applicable Legal Standards

    A.      The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999). For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the "contrary to" clause, this court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context

where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd,* 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

B.      The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000). In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

III.    Analysis

Alvarado's petition raises one claim for relief. He contends that his trial counsel rendered ineffective assistance by failing to raise a "castle doctrine" or "stand your ground" defense.

A.      Ineffective Assistance of Counsel Standards

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

Because the Texas state courts have already decided this claim against Alvarado, he faces a very high burden in this federal habeas corpus proceeding.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.,* at 689 [104 S.Ct. 2052]; *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles* [*v. Mirzayance*]*,* 556 U.S., at ----, 129 S.Ct. [1411], at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at **----,** 129 S.Ct., at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Premo v. Moore*, _U.S_, 131, S.Ct. 733, 740 (2011).

### B. Counsel's Performance

Section 9.34 of the Texas Penal Code provides:

> (a) A person is justified in using force, but not deadly force, against another when and to the degree he reasonably believes the force is immediately necessary to prevent the other from committing suicide or inflicting serious bodily injury to himself.
>
> (b) A person is justified in using both force and deadly force against another when and to the degree he reasonably believes the force or deadly force is immediately necessary to preserve the other's life in an emergency.

Alvarado argues that he used force in an attempt to prevent his girlfriend from smoking crack, and that his actions fall under section 9.34.

Petitioner points to testimony by Conroe Police Officer Kevin Johnson relating a statement by Alvarado that he acted as he did "to make her stop smoking crack." 3 Tr. at 48.[2] The girlfriend testified that she thought he acted as he did to try to get the attention of the other people smoking crack so that they would leave. *Id.* at 102, 104. Alvarado did not testify.

Counsel submitted an affidavit in connection with Alvarado's state habeas corpus proceeding. Counsel stated that he did not believe the evidence supported a jury instruction on self defense, defense of a third person, or protection of property. Counsel further stated that he believes that such defenses were extremely difficult to establish without Alvarado's testimony, and that he made a strategic decision not to have Alvarado testify to prevent Alvarado's criminal history from being presented to the jury. SH at 70.

The state habeas court found counsel's affidavit credible. *Id.* at 82 (finding #7). The court concluded that counsel chose to pursue a strategy of attacking the reliability of the witnesses based on their state of intoxication at the time of the events in question. *Id.* at 82 (finding #9). The court further found that the evidence did not support the statutory defense of "protection of life or health." *Id.* (finding #10). The court concluded that Alvarado received effective assistance. *Id.* at 82-83 (conclusions #2 and 3). The Texas Court of Criminal Appeals adopted the trial court's findings. *Id.* at cover.

Based on the explicit findings of the Texas state courts in this case, the "protection of life or health" defense was not applicable to the facts of this case as a matter of Texas law. Alvarado points to no case law holding that stopping another person from using drugs is a valid

---

[2] "Tr." refers to the transcript of Alvarado's trial.

justification under Texas law for the threat or use of deadly force. He acknowledges in his memorandum of law that his theory is "novel." *See* Petitioner's Memorandum of Law at 4.

Because the facts of the case do not support a "castle doctrine" or "stand your ground" defense under Texas law, counsel was not deficient for failing to raise such a defense. Moreover, counsel's decision not to have Alvarado testify, thus effectively barring a "protection of life or health" defense, was a reasoned strategic decision to avoid allowing the State to delve into Alvarado's criminal history. As such it is entitled to great deference. *See Strickland,* 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Under these circumstances, the state court's conclusion that counsel was effective is a reasonable determination of the facts, and a reasonable application of the *Strickland* standard. Therefore, under the AEDPA, the state court's conclusions are entitled to deference, and Alvarado is not entitled to relief on this claim.

IV. Conclusion

For the foregoing reasons, Alvarado fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

V. Certificate of Appealability

Alvarado has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an

appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Alvarado's claim. The Court finds that the claim is foreclosed by clear, binding precedent. This Court concludes that under such precedents, Alvarado has failed to make a "substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). This Court concludes that Alvarado is not entitled to a certificate of appealability on his claim.

VI.     Order

For the foregoing reasons, it is ORDERED as follows:

A.      Respondent's motion for summary judgment (Doc. # 14) is GRANTED;

B.      Petitioner Jesus Daniel Alvarado's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

C.      No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 13th day of February, 2014.

_____

Kenneth M. Hoyt
United States District Judge